WIGGINTON, Judge.
Appellant seeks review of an adverse summary final judgment rendered in favor of appellees. It is contended that the court erred in finding that appellees were entitled to judgment as a matter of law on the facts disclosed by the record at the time the motion was heard.
This is a suit brought by appellees to quiet their title to a parcel of land in Santa Rosa County. The complaint alleges that defendant purports to own or hold an option allegedly signed by plaintiffs agreeing to convey to him an oil and mineral lease on property owned by plaintiffs as an estate by the entireties and occupied by them as their homestead. The complaint alleges that the purported option sought to be cancelled as a cloud on their title was not signed by the plaintiff wife, Hattie Nelson, nor was any consideration paid to them by defendant for it. By his answer defendant denied that the option was not properly and legally executed by plaintiffs and alleged that, although no consideration was paid for the option, he nevertheless treated it as a continuing offer which he accepted within the time period limited therein and is therefore entitled to specific performance.
In support of plaintiffs’ motion for summary judgment, they submitted their affidavit which unequivocally avers that the purported option was not signed by plaintiff wife nor in her name by anyone with her knowledge and consent. The only responsive proof offered by defendant in denial of this averment was the affidavit of his agent which states that at the time he received the option from plaintiffs, it had “apparently” been signed by the plaintiff wife. The trial court appeared to be primarily concerned with whether any consideration had been paid by defendant to plaintiffs for the option in question. When defendant admitted that no consideration as such had been paid, the trial court rendered summary judgment in favor of plaintiffs on that ground alone.
*792 By this appeal appellant contends that even though he paid no consideration to appellees for the option, it nevertheless constituted a continuing offer which was accepted by him within the time limitations specified therein thereby entitling him to the lease as offered. In support of this position appellant relies on the decision rendered by this court in Koplin v. Bennett[1] in which it was held that even though no consideration is paid by an op-tionee for an option to purchase an interest in land, such agreement may constitute a continuing offer by the optionor to convey the interest agreed upon which will ripen into a binding contract if, before it is withdrawn by the optionor, it is accepted by the optionee in the manner and form agreeable to its terms and conditions.
By his amended answer appellant did allege as an affirmative defense that although he paid no consideration to appel-lees for the option in question, he nevertheless accepted it in a manner and form agreeable to its terms and conditions prior to its withdrawal by appellees and, therefore, he is entitled to specific performance of the option agreement despite the lack of consideration. This allegation, although not replied to by appellees as a matter of pleading, was nevertheless denied by operation of the rule of civil procedure which provides that averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.[2] Our review of the record fails to disclose any proof, affidavit or otherwise, which supports this affirmative defense of acceptance alleged in defendant’s amended answer. Although the pleadings disclose an admission by. the parties that appellant recorded an affidavit executed by him in which he asserted that he accepted the terms of the offer embraced in the option, there is no proof that such acceptance was ever communicated to appellees and was made in the manner and form agreeable to the terms and conditions of the option. Because of this, the undisputed facts establish the failure of consideration for the option in question and the trial court was correct in holding that because of this deficiency the option was of no legal effect and should be cancelled as a cloud on appellees’ title.
Furthermore, the proof before the trial court included an affidavit by appel-lees that the wife, Hattie Nelson, did not sign the option nor was it signed by anyone with her knowledge and consent. The only proof submitted by appellant in opposition to appellees’ contention with regard to the lack of execution of the option was an affidavit of his agent which merely averred that appellee-wife had “apparently” signed the option. This was not sufficient to create a genuine issue of fact with regard to the lack of execution of the option by appellee-wife, so the lack of proper execution was in itself sufficient to support the summary judgment appealed herein.
For the foregoing reasons, the summary judgment challenged by appellant was properly rendered and is therefore affirmed.
SPECTOR, C. J., and JOHNSON, J., concur.

. Koplin v. Bennett, (Fla.App.1963) 155 So.2d 568.

. Rule 1.110(e), Florida Rules of Civil Procedure, 30 F.S.A.