ERVIN, Judge.
Appellant Norman V. Padgett, Jr., the son of the deceased testator, Norman V. Padgett, Sr., seeks reversal of an order granting appellee’s motion to strike appellant’s petition for construction of a will and determination of beneficiary. Appellant argues that the provision of the will granting him an option to purchase certain businesses and real property owned by the testator,[1] which businesses were later sold by the testator during his lifetime, was a devise to him of such property, thereby entitling him to all remaining unpaid payments owed by the purchaser following the testator’s demise. We disagree and affirm.
First, we approve the trial court’s determination that a testamentary option to purchase is not a specific devise of real or personal property within the meaning of Section 731.201(8), Florida Statutes (1987).[2] This is so because a provision by will for an option to purchase does not, prior to death of the testator, effectuate an interest in the real property, as the option is not a binding, enforceable right, because it was contingent and without consideration.[3] At most, the testamentary provision created an offer that was not effective until the testator’s death, and which was, in fact, revoked before it became effective, because the decedent sold the property before his death.
Second, even assuming that the will’s provision created a specific devise, *344 appellant still would not be able to recover anything under Section 732.606(2)(a), Florida Statutes (1987),[4] because any monies owing from the buyer to the estate arose from the sale of the businesses and real estate, not from the sale of an option to purchase the businesses and real estate.
AFFIRMED.
WENTWORTH, J., concurs and ZEHMER, J., specially concurs with written opinion.

.The pertinent provision of the will is set forth as follows:
I further herewith give and grant unto my son, NORMAN V. PADGETT, JR., if he survives me, the right and option to purchase from my Estate that certain restaurant and gift shop business, located at 9528 West Hwy. 98, Panama City Beach, Florida, and the real property upon which it is located, if he survives me, and that certain restaurant business located at 10590 West Hwy. 98, Panama City Beach, Florida, and the real property upon which said restaurant is located, for the total sum of $500,000.00, it further being conditioned that my said son, NORMAN V. PAD-GETT, JR., must exercise the option to purchase for the said sum of $500,000.00 for all of the items above set forth (that is to say he can not purchase any one but must purchase all) and that he pay for same the sum of $25,000.00 every six months until the full said purchase price of $500,000.00 is paid. If my son exercises said option as herein granted my personal representative herein named is hereby authorized and directed to enter into a contract for the purchase of said businesses and property hereinabove referred to and to not convey title to same until the full purchase price of $500,000.00 has been paid in full.

. Section 731.201(8) provides:
"Devise,” when used as a noun, means a testamentary disposition of real or personal property and, when used as a verb, means to dispose of real or personal property by will. The term includes "gift," “give,” “bequeath,” "bequest,” and "legacy.” A devise is subject to charges for debts, expenses, and taxes as provided in this code or in the will.

. Unless supported by consideration, an option is a mere offer that may be withdrawn at any time before acceptance. Donahue v. Davis, 68 So.2d 163, 170 (Fla. 1953); Ross v. Nelson, 273 So.2d 790, 792 (Fla. 1st DCA 1973); Koplin v. Bennett, 155 So.2d 568, 572 (Fla. 1st DCA 1963).

. Section 732.606 (Florida's nonademption statute) provides in part:
(2) A specific devisee has the right to the remaining specifically devised property and:
(a) Any balance of the purchase price owing from a purchaser to the testator at death because of sale of the property plus any security interest.